UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TANYA C. SHEPARD, | Case No. 2:13-cv-02261-JCM-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | (IFP App. - Dkt. #2) |
| MARATHON STAFFING, INC., | |
| Defendant. | |

Plaintiff Tanya Shepard is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and she submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule IB 1-3 and 1-4.

**I.     In Forma Pauperis Application.**

Shepard has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint.**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

1

1  the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*
2  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

3  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
4  complaint for failure to state a claim upon which relief can be granted.  Review under Rule
5  12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of*
6  *America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and
7  plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2);
8  *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require
9  detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic
10 recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)
11 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled
12 factual allegations contained in the complaint, but the same requirement does not apply to legal
13 conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,
14 supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the
15 claims in the complaint have not crossed the line from plausible to conceivable, the complaint
16 should be dismissed.  *Twombly,* 550 U.S. at 570.

17 The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C.
18 § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the
19 Constitution has been violated, and the deprivation was committed by a person acting under
20 color of state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  Plaintiff's complaint
21 does not name any state actor or person acting under color of state law as a Defendant.  Rather
22 Plaintiff's complaint attempts to state claims for age discrimination in violation of Age
23 Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-31, and for race discrimination
24 and retaliation under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e et seq.
25 To the extent Plaintiff is attempting to state a claim under 42 U.S.C. § 1983, that claim is
26 dismissed with leave to amend.

27 / / /

28 / / /

**A. Age Discrimination Claim.**

First, Shepard's complaint alleges age discrimination in violation of the ADEA. In the Ninth Circuit, the criteria for claims under Title VII apply to claims of disparate treatment under the ADEA. *See Metoyer v. Chassman,* 504 F.3d 919, 930 (9th Cir. 2007) (citing *Fonseca v. Sysco Food Servs. of Ariz., Inc.,* 374 F.3d 840, 850 (9th Cir. 2004)). In order to state a claim for disparate treatment under the ADEA, a plaintiff must show: (a) that she is a member of a protected class; (b) she was qualified for his position; (c) despite her qualifications, she was denied the position; and (d) subsequently, the position was filled by someone younger than plaintiff. *See generally McDonnell Douglas*, 411 U.S. 792, 802 (1973); *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 142 (2000).

A Plaintiff is not required to exhaust her administrative remedies before filing a federal claim under the ADEA. *See* 29 C.F.R. 1613.513 (the filing of a civil action by an employee or applicant involving a complaint filed under this subpart terminates processing of that complaint); *Bak v. Postal Service*, 52 F.3d 241, 244 (9th Cir. 1995) (holding the amended regulations [i.e., 29 C.F.R. 1613.513] eliminate the exhaustion requirement for age discrimination claims).

Shepard alleges that she was discriminated against because she was over forty years old. Specifically, she contends that Marathon Staffing reduced her hours, gave more hours to inexperienced workers under age forty, and paid her twenty-five cents less because she had not taken a typing test. She contends that she was qualified for the position based on experience and a degree in human resources. Plaintiff has stated an age discrimination claim under the ADEA.

**A. Race and Gender Discrimination Claims.**

The Complaint also attempts to state a claim for race discrimination and retaliation under Title VII. In order to state a prima facie case of discrimination in violation of Title VII, Plaintiff must allege: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)); *see also* 42 U.S.C. § 2000e-3(e). Here, Shepard alleges that she was discriminated against because she is African-

3

1 American. She alleges Marathon Staffing replaced her with several white workers who were less
2 experienced. She contends she was paid less than white workers. She alleges that Marathon
3 Staffing denied her a position in favor of a white employee with less experience. As discussed
4 below, it is unclear whether Plaintiff has exhausted her administrative remedies. But for this
5 failure, Plaintiff has stated a claim for race discrimination under Title VII.

6 Plaintiff also attempts to assert a retaliation claim under Title VII. To state a prima facie
7 case of retaliation in violation of Title VII, Plaintiff must allege: (1) that she committed a
8 protected act, such as complaining about discriminatory practices; (2) that she suffered some sort
9 of adverse employment action; and (3) there is a causal connection between her action and the
10 adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). Shepard
11 alleges that Marathon Staffing reduced her hours and gave more hours to other inexperienced
12 white workers. Plaintiff has not stated a Title VII retaliation claim because she has not alleged
13 she was retaliated against because she engaged in a protected activity. For example, under Title
14 VII, where an employee opposes an unlawful practice, he or she has engaged in a protected
15 activity. Accordingly, Plaintiff's retaliation claim will be dismissed with leave to amend.

16 Title VII allows a plaintiff to sue an employer for discrimination on the basis of race,
17 color, religion, gender or national origin if he or she has exhausted both state and Equal
18 Employment Opportunity Commission ("EEOC") administrative procedures. Once Plaintiff files
19 charges with the EEOC, the Commission will investigate the charges, attempt to reach a
20 settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney
21 General if the charges are against a state or local governmental entity. *Id*. If the EEOC or
22 Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff,
23 the EEOC will issue Plaintiff a right-to-sue letter, and Plaintiff will have exhausted her remedies
24 with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, Plaintiff
25 may sue in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S.
26 820, 825-26 (1990). It is unclear whether Shepard has exhausted her administrative remedies.
27 On page 8 of the complaint, Shepard checked the box indicating she did not attempt to resolve
28 this dispute by seeking relief from the proper administrative officials prior to filing the

4

1 complaint. However, she also indicated the dispute involved the validity of an EEOC right to sue letter. Complaint at 8. Because the court cannot tell whether Shepard has exhausted her administrative remedies, her Title VII claims will be dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently alleged. In other words, if Shepard choses to file an amended complaint, she must reallege her ADEA claim. If Shepard does not file an amended complaint, the court will direct service of the complaint for the ADEA claim once the time for filing an amended complaint has run.

For the foregoing reasons,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

4. Plaintiff shall have until **July 2, 2014,** to file her amended complaint, if she believes she can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that

are not carried forward in the amended complaint will no longer be before the court.

5. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption along with the case number, 2:13-cv-02261-JCM-PAL.

6. Plaintiff is expressly cautioned that if she does not file an amended complaint, her Title VII claims will be dismissed. In that event, the court will direct service of the ADEA claim after the time for filing an amended complaint has run.

Dated this 2nd day of June, 2014

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE